LAW OFFICE OF SAMUEL D. BERNS, INC.
5701 LONETREE BLVD., STE. 123
ROCKLIN, CA 95765
916.226.1477

**SAMUEL D. BERNS,** State Bar No. 271348
Attorney for Defendant:    EDDY SANDOVAL LOPEZ

IN THE UNITED STATED DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATED OF AMERICA,<br><br>              Plaintiff,<br><br>v.<br><br>EDDY SANDOVAL LOPEZ,<br><br>              Defendant. | Case No. 2:18-CR-206-KJM<br><br>**DEFENSE SENTENCING MEMORANDUM**<br><br>Date:   September 21, 2020<br>Time:   9:00 a.m.<br>Judge:  Hon. KIMBERLY J. MUELLER |

     As an initial matter, Mr. Sandoval has no objections to the material facts or guideline calculations set forth in the Presentence Investigation ("PSI").

**SENTENCING MEMORANDUM**

     Mr. Sandoval respectfully urges the Court to sentence him to probation with a period of home or community confinement, using the factors laid out in 18 U.S.C. §3553(a) to justify a sentence below the 18 months recommended in the PSI.

1

Virtually any factor may be a valid issue for the Court to consider when imposing a criminal sentence.  18 U.S.C. §3553(a) lists several factors to be specifically considered by the Court in imposing a sentence.  The Supreme Court has held that the Sentencing Reform Act, 18 U.S.C. §3551, et seq., which includes Section 3553, imposes an "overarching instruction" that district courts select a sentence that is "sufficient but not greater than necessary" to achieve the sentencing goals laid out in Section 3553(a).  <u>Kimbrough v. United States</u> 128 S.Ct. 558, 570 (2007).  A district court has a duty to "construct a sentence that is minimally sufficient to achieve the broad goals of sentencing."  <u>United States v. Rodriguez</u> 527 F.3d 221, 228 (1st Cir. 2008).

Here, as detailed <u>infra</u>, a sentence of probation with home or community confinement is a just sentence that achieves the goals of sentencing and the dictates of Section 3553.  Counsel will discuss each individual relevant factor.

**Section 3553(a)(1)**

18 U.S.C. §3553(a)(1) dictates that the court consider "the nature and circumstances of the offense and the history and characteristics of the defendant" in imposing a sentence.  The nature and circumstances surrounding Mr. Sandoval's criminal activity, which are accurately detailed in the PSI, support a sentence of probation with home or community confinement.

Law Office of
Samuel D. Berns. Inc.
5701 Lonetree Blvd., Ste. 123
Rocklin, CA 95765

Mr. Sandoval got involved in the dark web drug trade for a variety of misguided reasons.  At the time he became involved, Mr. Sandoval was addicted to cocaine and marijuana himself.  He was recently married, and wanted to make his wife proud and be able to support his new family.  He wanted to support his mother, a single mother who brought Mr. Sandoval and his sisters to the United States when Mr. Sandoval was six years of age; Mr. Sandoval's mother had become an alcoholic and a heavy smoker, and was suffering from depression.  Mr. Sandoval believed he might be able to relieve the pressure on her if he could help provide for her, as she had for him when he had all he needed despite growing up in a poor, single-family immigrant household.  Mr. Sandoval participated in the dark web marketplace for approximately a year, but was never a high-level dealer; he was essentially a low-level employee for a larger operation.

Since the time of his arrest, Mr. Sandoval has performed "exceptionally" on pre-trial release.  After three initial positive tests for marijuana, which may well have stemmed from residual marijuana that was in his system at the time of his arrest, he has had no positive drug tests for nearly two years.  He has been successfully participating in drug rehabilitation, which he considers to have helped him immensely and in which he expresses a desire to continue

Law Office of
Samuel D. Berns. Inc.
5701 Lonetree Blvd., Ste. 123
Rocklin, CA 95765

participating.  He was gainfully employed until he was injured; he now has a continuing claim for worker's compensation, and is also continuing in medical treatment.  He has worked toward getting his GED, and would likely have it now but for several of his classes being cancelled for Covid-19; he intends to complete the work for his GED as soon as possible.

In short, Mr. Sandoval made an enormous mistake for extremely misguided reasons stemming from desperation and substance abuse, but he was never anything more than a low-level "mule."  He has begun to address head-on all the issues that led to him choosing to commit crimes in the first place, and although he has been successful in rehabilitation, he realizes that continued sobriety is lifelong work, and he is ready to put that work in.  Now that Mr. Sandoval is drug-free and clear of mind, the same factors that motivated him to deal drugs in the first place – providing for his family - are now motivating him to maintain sobriety and live an honest life.

**Section 3553(a)(2)(C) and (D)**

Section 3553(a)(2) requires that the court consider several further factors in imposing a sentence.  One such factor is the need "to protect the public from further crimes of the defendant."  18 U.S.C. §3553(a)(2)(C).  As discussed, supra, Mr. Sandoval got into the drug trade in a misguided

Law Office of
Samuel D. Berns. Inc.
5701 Lonetree Blvd., Ste. 123
Rocklin, CA 95765

effort to provide for his family, based on decisions he made and pressures he was under while addicted to drugs and while he may have been in the throes of depression.  He has been off drugs for nearly two years now, and has a strong desire to remain sober.  He has come to realize that maintaining an honest life is what he actually needs to do to provide for his family.  His motivations have not changed; what has changed is his maturity and state of mind for how to approach those motivations, and as such there is very little risk of his reoffending no matter the sentence.

Section 3553(a)(2)(D) further provides that any sentence should reflect the need to "provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner."  As discussed, supra, Mr. Sandoval is under continuing medical treatment and is strongly motivated to continue participating in substance abuse treatment as well.  Time in prison would disrupt what have proven to be successful treatment regimens for both his physical injuries and substance abuse.

**Section 3553(a)(3) and (4) – Kinds of Sentences Available and Sentencing Range.**

Mr. Sandoval's crime carries a maximum punishment of twenty years and is therefore a Class C Felony.  See, 18 U.S.C. §3559(a)(3).  In addition, contrary to the PSI, he is

Law Office of
Samuel D. Berns. Inc.
5701 Lonetree Blvd., Ste. 123
Rocklin, CA 95765

5

not barred from a grant of probation pursuant to 21 U.S.C. §841(b)(1)(C), which only prohibits probation where death or serious bodily injury occur.  Therefore, Mr. Sandoval is eligible for probation.

Section 3553(a)(4) requires that the Court factor in the guideline sentencing range.  The PSI accurately notes that Mr. Sandoval's guideline sentencing range would be 12-18 months as a Level 13 offender with a Level I criminal history, based on his having possessed a converted drug weight of 21.99 kilograms, leaving him at a base level 16 and with adjustments leaving him at a total level of 13.  It should be noted, however, that the guideline range would remain the same if Mr. Sandoval possessed up to 40 kilograms of converted drugs weight, but only two kilograms fewer would leave Mr. Sandoval below twenty kilograms of converted drug weight, and put him at a base level of 14 and an adjusted level of 11.  Converted drug weight in the guidelines dictates that each gram of cocaine is worth 200 grams of converted drug weight.  Therefore, if Mr. Sandoval had possessed or sold only ten fewer grams of cocaine, which under the guidelines becomes two kilograms of converted drug weight, he would be a level 11 offender, and thus eligible for probation with periods of home or community confinement as he would fall within Zone B of the

Law Office of
Samuel D. Berns. Inc.
5701 Lonetree Blvd., Ste. 123
Rocklin, CA 95765

guidelines.  See, United States Sentencing Commission Guidelines, §§2D1.1(c); 5B1.1(a)(2).

**Other Factors**

Section 3553 does not prohibit the Court from considering additional factors besides those explicitly listed in Section 3553, and in any event the following information may be considered characteristics of the Defendant pursuant to Section 3553(a)(1).  First, the court is surely well aware of the Covid-19 crisis in the United States and around the world. Any person entering a penal institution faces a high risk of contracting Covid-19, or even bringing it into the institution, simply due to crowded nature of prisons and to how easily the disease can spread even among those showing symptoms.  A low-level, reformed offender such as Mr. Sandoval simply need not be put into the prison system at this time given the added risks to both himself and other inmates that a prison commitment might pose.  In addition, Mr. Sandoval's continuing orthopedic issues could mean that he needs bed space in infirmaries that would be needed in case of a Covid-19 outbreak.

Second, Mr. Sandoval is a Legal Permanent Resident, and as such faces immigration consequences upon conviction regardless of whether he serves any prison time.  Whether the government spends resources on keeping him locked up or not,

Law Office of
Samuel D. Berns. Inc.
5701 Lonetree Blvd., Ste. 123
Rocklin, CA 95765

7

it is likely that proceedings would be instituted to return Mr. Sandoval to Nicaragua, where he has not lived since he was six years old.  Given all the other factors discussed, it seems almost a waste of resources to give Mr. Sandoval a prison commitment when that may well be a mere detour on his way out of the United States anyway.

## **CONCLUSION**

For the foregoing reasons, Defendant Eddy Sandoval Lopez respectfully urges the court to sentence him to probation with a period of community or home confinement.

Dated: September 4, 2020                    Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　SAMUEL D. BERNS
　　　　　　　　　　　　　　　　　　　　　　　　　Attorney for Defendant
　　　　　　　　　　　　　　　　　　　　　　　　　EDDY SANDOVAL LOPEZ

    Attachment: Exhibit A – Character Letters

Law Office of Samuel D. Berns. Inc.
5701 Lonetree Blvd., Ste. 123
Rocklin, CA 95765

8

*United States of America v. Eddy Sandoval Lopez - Case No. 2:18-CR-206-KJM*

# Exhibit A

# Character Reference Letter

10, April 2019

Sean Saephanh
Friend
900 Loma Ave,
Long Beach, CA 90804


To Whom It May Concern:

I have known Eddy Sandoval for 3 years now. Eddy has always been a kind-hearted individual, who grew up in the slums of Sacramento – Mack Rd and Meadowview. Though this area is known to be a harsh and dirty neighborhood, surrounded by a history of violence, he has never had any intention to hurt anyone and has always been a hard worker. Eddy has always definitely been a provider. He works hard to provide for his single mother – whom he loves and cherishes deeply. He's told me how hard her works to support her bills. There was even a time where he gave his mom his car because she needed a new one. He even provides for his friends who are not doing financially well. I have seen him pay for the few friends he has multiple times – when it came to food and small hangouts. Every time we've offered to pay him back, he would decline and insist on us to work hard and pay it forward. Though, I was not aware of his financial source of income, I saw him grow in wealth, slowly. I assumed he was working hard to climb up in life. That's why it weighed heavy on my heart to bear the news of his recent arrest. It was definitely a shock; however, I truly believe he was doing what he thought to be the best form action and had no negative intentions. Sure, it definitely was not the most ethical decision; but it still does not change that he worked hard to survive and provide. He committed no murder, no adultery, no non-consensual actions. That's the Eddy Sandoval I met and know: a hard worker, a provider, a man who means no one harm. Surely, as a human, and being able to learn of his background, I hope you can understand his actions.


Signed,

*Sean Saephanh*

Sean Saephanh

To Whom it May Concern:

I am a long-time family friend of Mayte Esparza-Sandoval and Eddy Sandoval. I am addressing you in this letter to express my concern for his upcoming sentencing and hopefully reassure you that a minimal sentence is in the favor of the courts system and Mr. Sandoval himself. Eddy is a kind person who has not ever made any violent, aggressive, or malicious acts towards myself, his peers, or his family- past or present. He always has an inviting nature, offering to cook for us and just to hangout for a good time. He has been painted by his accusers as a dangerous threat to society who is prone to continuing bad behavior which could not be anymore untrue. Since his first appearance, he has followed and is surpassing your expectations by attending his court appointed counseling and obtaining a stable job where he has been doing so well that he could very soon be appointed as new manager. All his efforts cycle towards his family whereas they rely on his assistance to prosper. With his job, he is already positively contributing to society, and if you remove him from good work and his family, you are defeating the purpose of reform within the judicial system.

Sincerely and respectively,

Dalanna Turner (916-903-8710)

**April 8, 2019**

**To whom it may concern,**

    I am writing this letter in favor of my brother Eddy Sandoval which We have not been in touch for a while, but last time I saw him, about 2 years ago, I had a blast with him. For me he still the same little kid that I will care and love forever not matter what. I remember him as a friendly, lovely, intelligent, good looking guy with a huge heart. My sister and I used to named him "cutie pie" for being a guy with beautiful feelings.

    As his sister, I believed from the bottom of my heart that he is an awesome person, with great personality, someone who is always there to help others. I am not aware of what he has done to get him in troubles, but I can assure that he will learn his lesson if given an opportunity to straighten his life. He is a young, very smart guy which I believed has an awesome future in the United States of America.

    Thank you and I am sure you will take the right decision and as much as I love him I am hoping from the deepest of my heart to be able to see him again

**Sincerely,**

**Jessica Vazquez**

To April 8, 2019

To whom it may concern,

      I am pleased to write a letter for my son Eddy Sandoval, I Carmen Lopez could say that he has been a good son, he has helped me a lot when I was sick, he was always a good student with really good feelings, always helping person who needed the most, he would go and buy food to give to the homeless.

      He started getting bad influences when he was in high school mostly he would stay at home alone because I would have to go to work, he has told me that he wants to go back to school and study, he always have says that he wanted to be a judge, because he's been interested in law, I pray to God that one day this will happened.

      We don't have any family in Nicaragua, we left because I divorced his dad and all my family was here in the USA, he does not know his dad we came when he was only 5 years old.

      I ask you please to give him another chance he has really good feelings and I know him he is really sorry.

      He has shown with his actions that he would do things right he only needs a chance I know he would go back to school and finish up and graduate someday that is my biggest illusion.

Sincerely,

Carmen Lopez

April 8, 2019

To whom it may concern:

I am very pleased to write a letter about my brother Eddy Sandoval, I Darling Perez can say that I know Eddy is a really nice and kind hearted person, he is really dependable, and responsible.

He have always been there when I need him the most, he has always try to help my mom as much as he can as she has struggle economically the last couple of years, he has help her with her health problems.

He has helped me a lot in personal, as he's always been there for me and his nieces, I had some issues in my personal life, I had no one to call, he is the only one who came for me without asking questions, he helped me and my daughters right away, as he is the only brother and close family I have close by, other than my mom, so I know he is a kind person.

I will be happy to provide more information if needed don't hesitate to call.

Sincerely,

Darling Perez
(916)912-7077

To whom it may concern,

I have known Eddy Sandoval for two years now. I moved in with Eddy and his wife last year for eight months. In the duration of those eight months I got to know more of him as a person. Eddy is very loyal to his family. He spent hours of his day with his wife and two dogs. They would go for long walks around their community. Eddy has been with his wife. Maybe for the past three years. He has been committed to ensuring that his wife always feels loved and secured. I have never seen Eddy to be made out as a criminal of any kind nor have I ever witnessed any acts of aggression towards another human being. He has never been the type of person to act upon violence. He has always shown hospitality toward others, always quick to help someone in need. When I was struggling to find a place to stay Eddy welcomed me to his home with open arms. He treated me as if I were part of his family. Overall Eddy Sandoval is an Outstanding person. He showed me that there are people of good nature in the world. I hope to see him continuing to show others the compassion he has shown me.

Sincerely,
Crystal Carter